## No. 1322.

SUCCESSION OF RENÉ GAGNEUX.—ON OPPOSITIONS TO ACCOUNTS.

In the absence of prayer and proof that a dative executor had received sums of money from the executor, his predecessor, no judgment can validly be rendered against him.

In order to recover from such predecessor, suit must be brought against him or, in case of his death, his succession. Although prescription be suspended against the creditors of an insolvent, the principle is inapplicable to successions, whether solvent or insolvent.

The right of a mortgage creditor is lost by the failure to reinscribe within ten years, although previous to the expiration of that delay the mortgagor had died.

But no reinscription is necessary when the mortgaged property is sold within the ten years.

Payment of a judgment not reinscribed and not revived cannot be sought after the expiration of the ten years by which it is prescribed.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *Debaillon,* J.

*Breaux & Renoudet* for the Executor, Appellant.

*Crow Girard* and *M. E. Girard* for the Opponents, Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The original executor presented an account setting forth receipts $369 70 and disbursements $418 51, and mortgage *claims* of several parties named, aggregating a little upwards of $2500.

In connection with these claims which he placed on a footing of equality, he stated that the proceeds of property on hand, when realized, would be applied to those creditors concurrently.

At his death this account had not been homologated, and A. Adler, one of the creditors claiming a mortgage, had himself appointed dative executor and qualified.

After selling the property undisposed of, he prepared an account to propose a distribution of proceeds, and opposed the account of his predecessor.

By this account he acknowledges the amount on hand, proceeds of the unsold property, some $1900, and states privilege claims for some $200.

Referring to the account filed by his predecessor, he charges that it

is deficient in not accounting for $750, the proceeds of the sale of some land received by the executor; he denies the liability of the estate in favor of the parties placed thereon as creditors; claims that the succession of the executor should be made to account for the $369 70 admitted by him to have been collected. He further charges that he himself is a mortgage creditor for $525 27, as transferree of Hirsch and Adler & Co., mentioned in the account, and that he is entitled to be paid in preference to all others.

Some short time after the filing of his account, he opposed that presented by his predecessor, which has not as yet been homologated, urging substantially the same complaints.

His account is opposed by other parties, who contest his pretensions to a first rank.

The district judge rendered judgment holding the dative executor liable for the $750 and $369 70, over and above the amount acknowledged by him, (some $1909), the 'aggregate amount being $2479 70. The court admitted liabilities for $793 05 and decreed that the residue, $1686 65, be distributed *pro rata* among the parties claiming to be mortgage creditors, on the ground that they had, by themselves or their agents, agreed to be put on the same level.

From this judgment the dative executor appeals.

His complaints are:

1. *That* he ought not to have been charged with the amounts which had come to the hands of his predecessor and which he has never received; and,

2. *That* his claim ought to have been recognized with a first ranking mortgage and paid accordingly.

I.

It does not appear from the oppositions filed to the account presented by the dative executor, that any opponent asked that he be held liable for the two amounts in question, and even had there been prayer to that end, it is impossible to conceive how he could have been thus held in the absence of proof that he had received them, or that by his fault and negligence, the amounts which could have been recovered had become dead losses to the creditors.

Had the pleadings and proof been other, then surely the dative executor could have been held; but certainly, under the showing made, there is error in the finding against him.

The opposition of the dative executor to the account of his deceased predecessor, though a salutary, was an insufficient proceeding to fasten judicially upon the succession of the latter, the liability for the two amounts.

The opposition was salutary in this, that it prevented the homologation of an account charged with incorrectness and error; but it was insufficient to warrant, even if well founded, any judgment against the succession of the executor, which had not been made and was not a party to the proceeding, on a proper issue.

The proper action should have been a direct suit by the dative executor against the administratrix of the executor's succession for a judgment for the two amounts.

It therefore follows, that, on the face of the proceedings, neither the estate of the executor, nor the dative executor could have been held responsible to the creditors of the succession for those two amounts, however true it may be, that there is proof in the record that the executor has actually received in cash and notes the $750, proceeds of the land sold by him.

## II.

The next question to be determined is : whether the dative executor is, in his individual capacity, a mortgage creditor for the amount stated, with first rank, so as to be paid by preference over all others.

Pretermitting all inquiry into the validity of the alleged agreement, by which it is claimed that A. Adler, or those whose transferree he is, had consented to forego the rank now claimed, and which would perhaps require unnecessary attention, as it would involve the extent of the power of the party that undertook to act as an agent on the occasion, it is safer to consider whether, if the claim was once entitled to a first rank, it has or not lost that privilege and advantage.

The mortgage was consented on November 30th, 1875, and was recorded on the same day in the proper mortgage book of the proper office. René Gagneux died on the 25th of February, 1876, in a state of thorough insolvency, and the mortgage has never been reinscribed.

In the succession of Flower, 12 Ann. 216, the Court held that, although prescription does not run, but is suspended, against the creditors of an insolvent, the principle is inapplicable to successions, whether solvent or insolvent, and that, consequently, the right of a mortgage creditor is lost by the failure to reinscribe, within ten years, although before the ten years had expired the mortgagor had died.

The court rested its reasoning and conclusions on Art. 3327 of the Code of 1825, which is now Article 3363 of the Revised Code.

This ruling has been followed since. See 27 Ann. 527 (552), 630; 28 Ann. 811, and is adhered to.

For that reason, at least, the judgment of the district court, placing the creditors not privileged on an equal footing, is correct.

It is therefore ordered and decreed that the judgment appealed from,

as far as it holds the dative executor liable for the two sums of $750 and $369 70, amounting together to eleven hundred and nineteen dollars ($1119), be reversed, and it is now ordered and decreed that said dative executor be declared not to be liable therefor.

It is further ordered and decreed that the right of the dative executor to recover the same from the succession of his predecessor, E. E. Mouton, by a direct action, be recognized and reserved.

It is therefore ordered and decreed that, thus reformed, said judgment be affirmed, the costs of appeal to be paid by the succession.

### On Rehearing.

#### I.

The dative executor justly complains that by the judgment here rendered, Queyrouze & Bois, who claim to be judicial mortgage creditors, and who were ranked among the mortgage creditors by the district judge, were not stricken from among them.

It appears that the judgment on which they claim, was rendered on December 22, 1875, that, not only never was it reinscribed in order to preserve the mortgage secured by the inscription, but that it has besides never been revived. It is therefore clear that the claim has ceased to have any existence whatever.

It was incumbent on Queyrouze & Bois, in order to be retained on the account, to have proved, not only their judgment, but its inscription, reinscription and revival and this without the necessity of the filing of any plea of prescription against it. This formed part of the evidence necessary to make out their case.

#### II.

The dative executor is also right when he charges that his individual claim as a mortgage creditor ought to have been allowed with the first rank.

We held that, as the mortgage had not been reinscribed within the ten years, the inscription of the mortgage had perempted. Such is no doubt the law, but the law does not apply to cases in which the property mortgaged has been *sold* within the ten years and proceeds reduced to possession. 8 Ann. 505; 13 Ann. 557.

Our attention is called to the material fact, which we had not discovered in the mixed up transcript in the case, that the property mortgaged in favor of Hirsch, Adler & Co. was actually *sold* within those ten years and that the proceeds are in the hands of the dative executor.

It therefore follows that a reinscription would have been an idle and barren ceremony.

This, now, necessarily imposes upon us the inquiry, whether, as was held by the District Judge, the first rank to which Adler & Co. were entitled, had been relinquished so as to constitute them, or their assign, A. Adler, a simple ordinary creditor.

We have looked carefully into the matter and have ascertained that the power of attorney given to E. E. Mouton in relation to this claim, merely conferred upon him the right to collect the claim and consequently to enforce the mortgage.

Surely, he had no authority to give up to any extent the security by which the claim was guaranteed and the consent which he gave to have the same placed among the ordinary debts, was wholly unauthorized and is not binding on Adler.

As the mortgage was the *first* recorded, it *firs* affected the property and is entitled to the *first* rank.

As the claim will absorb the residue of the proceeds of the real estate sold at the instance of the dative executor, it would serve no useful purpose to pass upon the pretentions of the other mortgage creditors, whose rights are reserved, should the dative executor realize funds from the succession of E. E. Mouton, the executor, and propose to distribute them.

It is, therefore, ordered and decreed that the last portion of our previous decree which affirmed the judgment appealed from, be set aside, and

It is ordered and decreed that said judgment be reversed, and

It is now ordered and decreed that the names of Queyrouze & Bois, figuring among those of the mortgage creditors, be stricken therefrom and that A. Adler be recognized to be entitled to be paid as first mortgage creditor out of the proceeds of the property securing his claim, and that the rights, if any, of the other parties claiming to be mortgage creditors be reserved to be exercised when other funds are realized and proposed for distribution.

It is further ordered that thus amended, our previous decree remain undisturbed and that the costs of appeal be paid by the succession.